UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

No. 23-2763

_____

**THE UNITED STATES OF AMERICA,**
**Appellee,**

**v.**

**RACHEL LOUISE MONTHIE,**
**Appellant.**

_____

Appeal from the United States District Court
For the Northern District of Iowa
The Honorable Linda R. Reade

_____

**APPELLANT'S OPENING BRIEF**

_____

Charles D. Paul
**NIDEY ERDAHL MEIER & ARAGUÁS, PLC.**
425 Second Street SE, Suite 1000
Cedar Rapids, Iowa 52401
Telephone: (319) 369-0000
Facsimile: (319) 369-6972
Email: cpaul@eiowalaw.com

**ATTORNEY FOR APPELLANT**

## SUMMARY OF THE CASE AND WAIVER OF ORAL ARGUMENT

On June 5, 2023, a petition to revoke Defendant's supervised release was filed in the Northern District of Iowa. A substituted petition was filed on June 28, 2023, alleging 8 violations (including subparts), two (2) Grade B Violations and six (6) C violations. The Defendant filed notice and contested the Grade B violations and requested a bottom of the guideline sentence of 2 months imprisonment. Probation and the United States recommended a sentence of eight (8) months of imprisonment with a four (4) month term of supervised release. Hearing was held on July 28, 2023, the district court found that all alleged violation were admitted or proved and sentenced the Defendant to eight (8) months in prison, followed by a four (4) month sentence of supervised release.

On August 1, 2023 Defendant filed appeal which was electronically transmitted the same day.

The Defendant waives oral argument.

# TABLE OF CONTENTS

SUMMARY OF THE CASE AND WAIVER OF ORAL ARGUMENT.............. 1

TABLE OF CONTENTS ................................................................... 2

TABLE OF AUTHORITIES ............................................................ 3

JURISDICTIONAL STATEMENT ..................................................... 4

STATEMENT OF THE ISSUES ........................................................ 5

STATEMENT OF THE CASE ......................................................... 6

SUMMARY OF ARGUMENT ........................................................12

ARGUMENT...............................................................................14

I.   THE GOVERNMENT PRESENTED INSUFFICIENT
EVIDENCE TO PROVE VIOLATIONS 3 AND 4 BY A
PREPONDERANCE OF THE EVIDENCE. ......................................14

II.   THE DISTRICT COURTS SENTENCE WAS
SUBSTANTIVELY UNREASONABLE BECAUSE AN 8 MONTH
SENTENCE WAS GREATER THAN NECESSARY TO ACHIEVE
THE PROPER GOALS OF 18 U.S.C. § 3553(A). ............................20

A.   THE DISTRICT COURT DID NOT CONSIDER THE
DEFENDANT'S MENTAL HEALTH CHALLENGES AS
REQUIRED BY § 3553(A) ...........................................................21

B.   THE COURT COMMITTED A CLEAR ERROR OF
JUDGEMENT WHEN IT DID NOT DEPART DOWNWARD FROM
THE SENTENCING GUIDELINES.................................................23

CONCLUSION ..........................................................................25

CERTIFICATE OF COMPLIANCE.................................................26

**CERTIFICATES OF SERVICE USING CM/ECF** ..........................27

# TABLE OF AUTHORITIES

U.S SUPREME COURT

*Gall v. United States*, 552 U.S. 38 (2007) -------------------------------------------- 21, 23

U.S. COURT OF APPEALS

*United States v. Carter*, 732 F. App'x 580 (9th Cir. 2018).-------------------16, 19, 20

*United States v. Fitzpatrick*, 943 F.3d 838 (8th Cir. 2019) ----------------------------21

*United States v. Godsey*, 690 F.3d 906 (8th Cir. 2012) --------------------------------21

*United States v. Keating*, 579 F.3d 891 (8th Cir. 2009) -------------------------------22

*United States v. Miller*, 34 F.4th 663 (8th Cir. 2022)----------------------------------22

*United States v. Miller*, 557 F.3d 910 (8th Cir. 2009) ---------------------------- 14, 22

*United States v. Petersen*, 848 F.3d 1153 (8th Cir. 2017) ----------------------------14

*United States v. Ralph*, 480 F.3d 888 (8th Cir.2007) ----------------------------------14

*United States v. Salsberry*, 825 F.3d 499, (8th Cir. 2016) ----------------------- 15, 16

*United States v. Smith*, 576 F.3d 513 (8th Cir. 2009)----------------------------------14

*United States v. Staten*, 990 F.3d 631 (8th Cir. 2021) --------------------------------15

*United States v. Williams*, 624 F.3d 889, 899 (8th Cir. 2010)------------------------21

STATUTES

18 U.S.C. § 3553(a) --------------------------------------------------------------------- 21, 22

# JURISDICTIONAL STATEMENT

Defendant pleaded guilty and was sentenced on March 28, 2023, in the Northern District of Iowa, for Harboring and Concealing an Escapee, in violation of 18 U.S.C. § 1072. Defendant began her term of supervised release on April 20, 2023. The government filed a Petition to Revoke her supervised release on June 05, 2023. A revocation hearing was held on July 28, 2023 and the district court found that the violations were admitted or proved. The Court sentenced the Defendant to 8 months of imprisonment, with four months of supervised release. The final order was issued on July 31, 2023.

On August 1, 2023, Defendant filed a notice of appeal which was electronically transmitted the same day. The Defendant respectfully requests her appeal be considered timely pursuant to Federal Rule of Appellate Procedure 4(c)(1). This appeal is from a final order or judgment. The Appellate Court's jurisdiction is based on 28 U.S.C. § 1291, which provides jurisdiction over a final judgment from a U.S. District Court.

# STATEMENT OF THE ISSUES

I.     The Court did not find by a preponderance of the evidence that the Defendant knowingly possessed a bullet, a critical element for the two most serious violations.

      *United States v. Salsberry*, 825 F.3d 499, 501 (8th Cir. 2016)

      *United States v. Staten*, 990 F.3d 631, 635 (8th Cir. 2021).

II.     The district court's above sentence was substantively unreasonable because it was greater than necessary under the proper 18 U.S.C. 3553(a) factors.

      *United States v. Williams*, 624 F.3d 889, 899 (8th Cir. 2010)

      *United States v. Miller*, 34 F.4th 663, 665 (8th Cir. 2022)

      18 U.S.C. 3553(a)

# STATEMENT OF THE CASE

*Procedural History:*

On March 28, 2023, the defendant was sentenced to time served (154 days) followed by a one (1) year Term of Supervised Release. On April 20, 2023, Ms. Monthie began her federal term of supervised release. On June 05, 2023, the Government filed the First Petition to Revoke Ms. Monthie's Supervision. On June 28, 2023 the Government filed the First Supplemental and Substituted Petition to Revoke Supervision. This petition alleged eight (8) violations (including subparts), six (6) of the violations are grade C and two (2) violations are grade B. Ms. Monthie filed notice and contested two (2) of those violations', the contested violations were the "New Law Violation" and "Possession of Ammunition".

A revocation hearing was held on July 28, 2023. Ms. Monthie argued that she did not knowingly possess the single 9mm round of ammunition and thus did not commit violations three (3) or four (4). The District Court found that the testimony presented by the state proved by a preponderance of the evidence that Defendant knowingly possessed the ammunition. The District Court found that the violations were all proved and sentenced Ms. Monthie to 8 months in prison, followed by 4 months of supervised release.

*Statement of the Facts:*

Defendant's underlying charge was Harboring and Concealing an Escapee in violation of 18 U.S.C. 1072. On March 28, 2023, Defendant was sentenced to 154 days of imprisonment with a one-year term of supervised release. On April 20, 2023, Ms. Monthie began her supervised release.

On June 5, 2023, the Government filed a petition to revoke Ms. Monthie's supervised release and requested a warrant for her arrest. (R. Doc. #62). A warrant was granted and on June 6, 2023, Ms. Monthie was arrested. (R. Doc. #75 p. 2). The Government filed a substituted petition that alleged Ms. Monthie had eight violations, including subparts. (R. Doc. #75).

Ms. Monthie's first set of violations, 1(a)-1(e), stem from her failure to comply with RRC rules. (R. Doc. #75 p. 2). The first two of these violations, 1(a) and 1(b), occurred when Ms. Monthie used language that was in violation of the RRC rules. *Id.* Violation 1(c) occurred when she gave another RRC resident a cigarette in violation of the RRC rules. Violation 1(d) occurred when Ms. Monthie was nine (9) minutes late returning from church. *Id.* Violation 1(e) occurred when Ms. Monthie had contraband that went against RRC rules. *Id.*

Violation 2 occurred when Ms. Monthie failed to appear for random urinalysis drug testing. (R. Doc. #75 p. 2). Ms. Monthie explained at the revocation hearing that this violation occurred because she was confused, but she admitted that her absence constituted a violation. (Rev. Tr. at 7:14-24).

The last set of violations, 3, and 4, are based on alleged contraband that Ms. Monthie had in her vehicle, a 9mm bullet. (R. Doc. #75 p. 3). Violation 3 alleged that Ms. Monthie had a new law violation for possession of ammunition as a felon, whereas violation 4 alleged a violation of conditions because she was prohibited from possessing ammunition. (R. Doc. #75 p. 3).

After these violations were established, the revocation hearing focused mainly on violations 3 and 4. (Rev. Tr.at 8:19-23). The Government contended that there were four elements they needed to prove to show Ms. Monthie possessed the ammunition, defense counsel stipulated to three of the four elements, and all the government needed to prove was Ms. Monthie knowingly possessed that ammunition. (Rev. Tr. 10-11:14-8).

The Government presented evidence that showed two photos of the ammunition found in Ms. Monthie's vehicle in the driver's side door pocket. (Rev. Tr.p. 9-10:21-9). The Government also presented evidence that the ammunition found was 9mm ammo manufactured outside of Iowa. *Id.* Ms. Monthie testified that this vehicle was out of her possession while she was incarcerated. (Rev. Tr. p. 30:9-11).

The Government's witness, Ms. Pailthorpe, testified that she was a residential officer at RRC and performed a search on Ms. Monthie's vehicle on June 4, 2023. (Rev. Tr. p. 14:10-14). During that search she found ammunition "on

the driver's side door at the very bottom. And it was under a stack of CDs." (Rev. Tr.p. 16:11-16).

Ms. Pailthorpe testified that Ms. Monthie was authorized to use the vehicle when she was permitted to leave RRC with a pass, Ms. Pailthorpe further testified that no other people were authorized to use her vehicle and the keys for the vehicle were kept at the front desk. (Rev. Tr.p. 15-16:23-5, Rev. Tr.p. 19:19-24). Ms. Pailthorpe was asked if she heard Ms. Mothie talk about the ammunition, and she stated that Ms. Monthie said, "someone must have put that in the vehicle". (Rev. Tr.p. 17-18:20-1).

On cross examination, Ms. Pailthorpe testified that the vehicle was never searched prior to the search that revealed the ammunition. (Rev. Tr.p. 18:21-24). One of the government's other witness Tiffany Schuette, a probation officer, testified when she asked Ms. Monthie about the ammunition, Ms. Monthie stated she did not know where it came from and hoped that someone had not planted it. (Rev. Tr.p. 22:20-24).

The government's last witness was Silje Lynne, a probations officer that helped Ms. Pailthorpe conduct a search of the vehicle. (Rev. Tr. p. 25:1-5). Officer Lynee testified that she found safety glasses in the vehicle and attributed them to firearms safety glasses. (Rev. Tr.p. 26:3-8). She further testified that Ms. Monthie "did not take ownership of th[e] bullet in my presence." (Rev. Tr. p. 28:8-10).

Ms. Monthie took the stand and testified that when she first went to the Anchor Center she asked them to search the vehicle because it was out of her control for six (6) months while she was in prison on the underlying conviction. (Rev. Tr.p. 30:4-17). She stated that she was not prohibited from possessing firearms or ammunition when she last had control of the vehicle. (Rev. Tr.p. 30:16-18). She testified under oath that she was not aware that a single 9mm round of ammunition was in her vehicle until she was notified after the search.

On cross examination, Ms. Monthie testified that she was aware that she was not permitted to possess ammunition at the Anchor center. (Rev. Tr. p. 31:11-14). She testified that when she was arrested on the underlying offense, she had a 9mm firearm in her possession. (Rev. Tr. p. 33:13-20). She further testified that she knew some other items the Anchor center deemed contraband were in her car but she did not know the spare key or the single round of ammunition was in the vehicle. (Rev. Tr. p. 36:5-6).

The court found that this evidence indicated that she knowing possessed the single round of 9mm ammunition by a preponderance of the evidence. (Rev. Tr. p. 45:1-6).

The Court found that Ms. Monthie admitted to violations1a-e, and 2. (R. Doc. # 81)  And that violations 3 and 4 were proven by a preponderance of the evidence. (Rev. Tr. p. 45:17-20). The United States Probation Office recommended

that Ms. Monthie be sentenced to eight (8) months in prison followed by a four (4) month term of supervised release. (R. Doc. #76 p. 3). The United States Attorney recommended a sentence of twelve (12) months of prison with no term of supervised release. (Rev. Tr. p. 46:17-20). Ms. Monthie, through her attorney, asked the court to sentence her to 2 months of imprisonment with no term of supervised release to follow. (R. Doc. #77 p. 2). The court sentenced Ms. Monthie to eight (8) months of prison followed by a four (4) month term of supervised release.

# SUMMARY OF ARGUMENT

The Government provided insufficient evidence that Ms. Monthie knowingly possessed a single nine-millimeter round of ammunition. At a revocation of supervised release the government is required to prove violations by a preponderance of the evidence. The court's consideration of various factors, such as the frequency of her vehicle usage and the ammunition type making a handgun she had owned when not a prohibited person, do not prove knowledge of the bullet's presence by a preponderance. The evidence, in light most favorable to the Government, points to the mere possibility of her awareness. And a mere possibility does not meet the threshold for proving knowledge. The defense does not contest the factual findings of the court but argues that the evidence presented does not meet the level required as a matter of law.

The District Court also abused its discretion during sentencing, primarily due to its failure to consider relevant factors, as well as its failure to depart downward from the sentencing guidelines. The court did not adequately consider the defendant's documented mental health challenges, a requirement under 18 U.S.C. § 3553(a), despite these concerns being raised by Probation in the Violations Worksheet. Additionally, the court erred when it failed to depart downward from the sentencing guidelines because Ms. Monthie's sentence is

disproportionate to other similarly situated defendants. For these reasons this case must be remanded back to the District Court for resentencing.

## ARGUMENT

**I.** **The Government presented insufficient evidence to prove violations 3 and 4 by a preponderance of the evidence.**

*Standard of Review:*

Appellate courts review a district court's decision to revoke supervised release for an abuse of discretion, and the court review the factual determinations underlying the court's decision to revoke for clear error. *United States v. Ralph*, 480 F.3d 888, 890 (8th Cir.2007). Clear error is when the District Court's factual findings leave the appellate court with a "definite and firm conviction that the District Court was mistaken." *United States v. Smith*, 576 F.3d 513, 515 (8th Cir. 2009).

*Applicable Law:*

A district court may revoke a defendant's term of supervised release and impose a sentence of imprisonment if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *United States v. Miller*, 557 F.3d 910, 913–14 (8th Cir. 2009). Under clear error review, an appellate court will only reverse a revocation decision only if it has "a definite and firm conviction that the District Court was mistaken." *United States v. Petersen*, 848 F.3d 1153, 1156 (8th Cir. 2017).

An appellate court will not assess the credibility of witnesses on review and relies on the district court's assessment of each witness. *United States v. Salsberry*, 825 F.3d 499, 500 (8th Cir. 2016). The defense does not raise any issues with the court's credibility assessment of a witness. The defense argues that even if all the testimony was reliable and accurate, the evidence presented does not meet the burden to show Ms. Monthie *knowingly* possessed the single nine-millimeter round found at the bottom of the driver's side door pocket.

In *United States v. Staten* the defendant's supervised release was revoked after it was alleged, he committed a new law offense, a bank robbery. *United States v. Staten*, 990 F.3d 631, 635 (8th Cir. 2021). The Government presented evidence that included, the defendant was a known associate of the other suspected robber, the defendant's prints were on evidence left at the crime scene, the defendant had bills from the robbery when he was arrested, and after the arrest, the defendant conversed about the robberies with the codefendant. *Id.* The Court held that these facts show by a preponderance of the evidence that the defendant committed a violation. *Id*. at 636.

Another example where the court found no clear error was in *United States v. Salsberry*, where a defendant argued the evidence the Government presented did not prove by a preponderance of the evidence that he used a controlled substance. *United States v. Salsberry* 825 F.3d 499, 501 (8th Cir. 2016). The Government

presented testimony from a correction officer that he had administered the defendant a drug test and the defendant tested positive, this positive test result was also submitted into evidence. *Id.* In addition to this, the court considered the fact that the defendant was evasive when asked about his drug use. *Id.* The court considered the defendant's testimony unreliable and found that the government met their burden because the test results, the officer's testimony, and the defendants' evasive answers, show by a preponderance of evidence that the defendant used a controlled substance. *Id.*

United States v. Carter, 732 F. App'x 580, (9th Cir. 2018) ruled specifically on the proof required for the knowledge element of a law violation. That defendant's supervised release was revoked after the District Court found that he knowingly associated with a felon. *Id. at* 581. The defendant argued on appeal that the evidence presented did not show that the defendant knew the person was a felon. *Id.* The Government presented evidence that the defendant could have known that the other was a felon, but the court ruled "a possibility alone is not sufficient to prove knowledge". The court overturned the revocation and remanded the case to the district court for resentencing. *Id.* at 583.

<u>*Argument on the Merits:*</u>

To prove a violation the Government must prove every required element of the violation by a preponderance of the evidence. United States v. Staten, 990 F.3d

631, 635 8th Cir. 2021). The evidence presented here does not show that Ms.

Monthie more likely than not had knowledge of the presence of a single round of

ammunition found in her vehicle. Therefore the new law violation possession of

ammunition was not proved.

The government did not present sufficient evidence that Ms. Monthie knew

the singular nine-millimeter round of ammunition was in her driver's side door

pocket. This possession of this single bullet was the basis for both Grade B

violations; 3) the new law violation (possession of ammunition by a felon); and 4)

possession of firearm, ammunition, destructive device, or Dangerous Weapon.

Though a preponderance is a low standard  the Government must present evidence

that makes the defendant knowledge more likely than not.

The evidence presented in this case about Ms. Monthie's knowledge of the

bullet is listed below:

1) The government presented evidence that showed two photos of the single
   round of ammunition found in the defendant's vehicle. R. Doc. # 78-1, Ext.
   3,

2) The government witness testified that she performed a search of Ms.
   Monthie's vehicle and found a 9mm bullet below CDs in the driver's side
   door pocket. See R. Doc. # 87 at 16:11-16.

3) The government presented testimony that showed only Ms. Monthie was
   authorized to use the vehicle. See Id. at 19:25-20:2.

This evidence establishes convincingly that there was a bullet in Ms. Monthie's vehicle. It does not show that she had knowledge of the bullet being there. The defense does not contest any of this testimony but contests the conclusion the court reached. That is, even if all of the evidence is viewed in the light most favorable to the government, there was still not sufficient evidence to find that Ms. Monthie had possession of the round of ammunition.

The district court listed its reasoning and factual findings leading to the legal conclusion that Ms. Monthie knew about the singular round of ammunition. See Id. at 43:19-45:6. First, the Court stated that she had driven her vehicle about twenty (20) times by herself and the caliber of ammunition matched the gun she had in the underlying offense. Id. This proves that she had control of the vehicle but does nothing dispel the reasonable conclusion that the ammunition have been in the vehicle prior to prison sentence and she was unaware of it while she was prohibited form possessing it. The fact that 9mm is the same caliber ammunition as a weapon she had but no longer possessed cuts more towards the bullet being inadvertently present in her vehicle.

The court also stated that the number of times she drove the vehicle make it more likely that she had knowledge of the bullet. The Judge stated that the bullet was under CDs and "we all know how popular it is to drive a car and put your CDs in." Id. at 43:5-10. There was never any evidence presented that Ms. Monthie used

any of the CDs that were on top of the bullet. Further if there are multiple CDs in the driver's side pocket it makes it even more unlikely that she would have seen what was under them; if the pocket always had CDs on top, then she would have needed to remove them all to see the bullet below. Id. at 16:11-16.

This case is much like the Ninth Circuit case of *United States v. Carter*, where both defendants argument is that they lacked the knowledge of a certain fact. The evidence put forth here is very similar to the evidence put forth in *Carter*; there was circumstantial evidence that showed it might have been possible for the defendant to establish knowledge. In *Carter*, the evidence showed the defendant could have learned that the other was a felon, but there was no evidence that showed the defendant did have this knowledge. This is similar to Ms. Monthie's case. There was evidence presented that shows Ms. Monthie could have learned that a bullet was in her car, but there was nothing more presented.

There are many hypothetical facts that could establish the element of knowledge in this case. For example, if the Government found other evidence that Ms. Monthie had possession, or even access, to a firearm of that caliber, it could support a finding that she knew about the bullet. The Government also could have shown the origins of the bullet and showed where and when Ms. Monthie acquired it. The Government could have elicited testimony from someone who heard Ms.

Monthie talk about possessing a bullet or gun. This was not done and the preponderance of the evidence standard requires more than a mere possibility.

The evidence presented shows at most, there was a possibility that Ms. Monthie knew the ammunition was there, but as the Ninth Circuit has said, "a possibility alone is not sufficient to prove knowledge." *United States v. Carter*, 732 F. App'x 580, 581 (9th Cir. 2018).

**II.** **The district courts sentence was substantively unreasonable because an 8 month sentence was greater than necessary to achieve the proper goals of 18 U.S.C. § 3553(a).**

*Standard of Review:*

This Court reviews "the substantive reasonableness of a revocation sentence under the abuse-of-discretion standard." *United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014).

*Applicable Law:*

A Court commits an abuse of discretion during sentencing when: "'(1) a court fails to consider a relevant factor that should have received significant weight; (2) a court gives significant weight to an improper or irrelevant factor; or (3) a court considers only the appropriate factors but in weighing them commits a clear error of judgment.'" *United States v. Fitzpatrick*, 943 F.3d 838, 840 (8th Cir. 2019) (quoting *United States v. Williams*, 624 F.3d 889, 899 (8th Cir. 2010).

The district court enjoys a presumption of reasonableness when it sentences a defendant within the applicable guidelines. *United States v. Godsey*, 690 F.3d 906, 912 (8th Cir. 2012). Though, The United States Supreme Court has stated that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range". *Gall v. United States*, 552 U.S. 38, 41, (2007).

*Argument on the Merits:*

### a. The District Court Did Not Consider the Defendant's Mental Health Challenges as Required by § 3553(a)

18 U.S.C. § 3553(a) mandates that sentence must be sufficient but not greater than necessary to effectuate to applicable purposes. This is the cornerstone of federal sentencing because although a court can consider other relevant factors, these factors are subservient to § 3553(a)'s mandate to impose a sentence that is "sufficient but not greater than necessary".

18 U.S.C. § 3553(a)(2)(4) states that a sentencing judge must consider "the need for the sentence imposed— to provide the defendant with needed [. . .] medical care."

In *United States v. Miller* the Eighth Circuit dealt with a case where the defendant argued that the district court failed to consider relevant factors such as his mental health challenges. *United States v. Miller*, 34 F.4th 663, 665 (8th Cir. 2022). The Court first stated that it considers "the entire sentencing record, not

only the district court's statements at the hearing" when a case is brought on appeal. *Id.* The Court noted that the defendant's attorney brought up the defendant's mental health issues during the sentencing hearing. *Id.* at 666. Therefor the Court held that the record shows that the district court considered these factors because "where the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." *Id.* (citing *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009)).

In this case Ms. Monthie's mental health concerns were not considered at sentencing, even though the violations worksheet details extensive mental health issue. (PSR generally, Defendant's mental health was cited 25 times throughout). Ms. Monthie has had "a long history of mental health problems dating back several years". *Id.* at 16.

This factor was not given significant weight by the district court because the defendant's medical concerns were never mentioned by the Judge, the Prosecutor, or the defendant's attorney. The Judge is required to consider all relevant factors that they have been made aware of, and Ms. Monthie's mental health concerns were documented in the record. During sentencing the Judge primarily based her sentence on the fact that she might be likely to return to criminal behavior. (Rev. Tr.p. 52:9-15). The Judge did not state that the sentence was crafted to provide

defendant's with needed medical care and the lack of this factor being mentioned during the sentencing gives further proof that this factor was not considered.

### b. The Court Committed a Clear Error Of Judgement When It Did Not Depart Downward From The Sentencing Guidelines

Defendants should be treated equally, and courts should avoid unwarranted sentencing disparities. *Gall v. United States*, 552 U.S. 38, 49, (2007).

Ms. Monthie's original sentence was for 154 days, or just shy of five (5) months, with a one (1) year term of supervised release to follow. The sentence Ms. Monthie received for the probation revocation is three months longer than the original prison sentence.

Ms. Monthie's violations do not justify a sentence three (3) months longer than the time she was originally sentenced for her felony charge. Ms. Monthie's violations are minimal, even though there are two Grade B violations. Both of those violations stem from Ms. Monthie's possession of a singular round of ammunition. Grade B violations are normally quite serious because they encompass acts such as possessing a firearm or committing battery, but the violations in this case are some of the least serious Grade B violations and the sentence should reflect that. If the most serious violation was a Grade C violation, then the recommendation would began at five (5) months instead of eight (8).

The probation report did not identify any factors that warrant a departure but the two Grade B violations in this case should warrant a downward departure

because they are not the serious types of acts the sentencing commission accounted for. The Sentencing Commission did not intend to stick two grade B violations on a person when a single round of ammunition was found in their possession.

Most Grade B violations stem from new law violations where the punishment could exceed one (1) year. This means that Grade B violations encompasses many different crimes and the sentencing commission could not have adequately prepared the guidelines for everything. This is where the discretion of the District Court fills the gaps. The District Court must weigh all the relevant factors and sentence the defendant to a sentence that is sufficient but not greater than necessary.

This did not occur in this case because the Judge failed to consider that Ms. Monthie's Grade B violations were not as severe as other Grade B violations. Ms. Monthie's violations are more similar to other Grade C violations, and this should warrant a downward departure from the guidelines because it is the court's duty to avoid unwarranted sentencing disparities.

## CONCLUSION

The district court erred in finding violations 3 and 4 proven. Because the Government failed to present sufficient evidence to prove by a preponderance of the evidence that Ms. Monthie knew the single round of ammunition was present in her vehicle.   The district courts sentence was substantively unreasonable because it failed to give significant weight to relevant factors. Specifically Ms. Monthie's documented mental health challenges. Further, the district court's failure to depart downward from the guidelines was substantively unreasonable. For these reason's the Court should remand this case for resentencing consistent with its decision.

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because this is typed in Times New Roman pt. 14 font and the document contains 5065 words as counted by Microsoft Word 2016.

Respectfully,

*/s/ Charles D. Paul*
Charles D. Paul
ATTORNEY FOR APPELLANT

## CERTIFICATES OF SERVICE USING CM/ECF

I hereby certify that on October 19, 2023 I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


*/s Charles Paul*